## Ellis and Whobrey v. Commonwealth.

(Decided February 6, 1925.)

## Appeal from Ohio Circuit Court.

1. Criminal Law—Refusal to Grant New Trial on Ground of Prejudice of Jury Held Ground for Reversal.—Where it was undisputed that one of the jurors actively counseled with and advised prosecutors as to selection of jury before he was himself selected, and such fact was not known to defendants until after the trial denial of motion for new trial on the ground that such juror was biased, under Criminal Code of Practice, section 209, and that defendants were prevented from having a fair and impartial trial, held ground for reversal under section 281, as amended by Laws 1910, c. 92.

2. Criminal Law—Court of Appeals May Review Error of Circuit Court in Refusing New Trial.—Under Criminal Code of Practice, section 281, as amended by Laws 1910, c. 92, a court of appeals may review, on appeal, any error of the circuit court in refusing a new trial.

3. Jury—Parties Entitled to Trial of Case by Unbiased and Unprejudiced Jurors.—Parties litigant are entitled in jury cases to have their causes tried by unbiased and unprejudiced jurors.

BARNES & SMITH for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

The two appellants, together with one Green, were charged in an indictment with jointly having in possession an illicit still, or equipment or apparatus designed for the unlawful manufacture of intoxicating liquors. On the joint trial of the two appellants they were each found guilty, and their motion for a new trial having been overruled, they appeal.

Several grounds for reversal are urged, most of which occurred upon the trial, and will not likely occur again, but because of the error of the court in refusing

to grant appellants a new trial upon one ground set forth, the judgment must be reversed.

That ground is that because of the bias of one of the jurors who sat upon the trial the defendants were prevented from having a fair and impartial trial, and which bias against them they did not learn of until after the verdict had been returned. In support of this ground the defendants filed an affidavit setting forth that since the completion of the trial they had learned for the first time, and believed and charged to be true, that one of the jurors whose name is given, and who was called, chosen, accepted, impaneled and sworn as a juror, being one of the last jurors so accepted, had before being so accepted, and during the selection of the jury, assisted, counseled with and advised the county attorney and the Commonwealth's attorney in the selection of the jury, and which of the jurors to excuse from said jury, and which of them to accept, and that after having so advised the county attorney and the Commonwealth's attorney, and secretly counseled with them as to which jurors ought to be accepted and as to those who would likely be favorable to the Commonwealth, the name of such juror so counseling and advising was drawn by the clerk and called into the jury box and qualified as a juror and accepted by the parties and sworn as such, and sat on the trial of the case. The affidavit discloses that this information and these facts came to defendants' knowledge for the first time after the completion of the trial and the return of the verdict and the entry of the judgment; and he states by reason of these facts he verily believes and charges that the said juror was biased and prejudiced against defendants.

There was no denial of the statements in this affidavit; on the contrary, the bill of exceptions thereafter signed by the judge of the court recites in substance the same facts.

Since the amendment of 1910 to section 281 of the Criminal Code, this court may review on appeal any error of the circuit court in refusing a new trial. Spencer v. Com., 122 S. W. 800; Wilson v. Com., 140 Ky. 1.

Our Criminal Code, section 209, defines actual bias in a juror as follows:

"Actual bias is the existence of such a state of mind on the part of the juror, in regard to the case, or to either party, as satisfies the court, in the exer-

cise of a sound discretion, that he cannot try the case impartially. and without prejudice to the substantial rights of the parties challenging.''

It would be fruitless to go into an extended argument to show that one who had actually counseled and advised with the prosecutors in a criminal case as to the selection of a jury, giving them the benefit of his knowledge or judgment as to which jurors should and which jurors should not be selected, in order to bring about a conviction, could possibly be in such a frame of mind as that he himself could sit upon that same jury and deal out impartial justice to those same defendants.

Similar questions have several times been considered by this court, and in many cases where there was a controversy as to whether the acts evidencing bias had actually taken place, this court has refused to disturb the finding on that question by the trial court; but in no case where the uncontroverted facts pointed to such unmistakable bias and prejudice discovered after the trial, as do the admitted facts here, has it ever, since the amendment of 1910, declined to grant a new trial. Gleason v. Com., 145 Ky. 128; Brannon v. Com., 162 Ky. 353; Mansfield v. Com., 163 Ky. 488; Baker v. Com., 192 Ky. 478; Lynch v. Com., 199 Ky. 817.

It is fundamental, and goes to the very root of the administration of justice, that parties litigant are, in jury trials, entitled to have their causes heard by unbiased and unprejudiced jurors; and it is inconceivable that one who had actively participated in a prosecution to the extent indicated in this case could be as a juror in that particular case unbiased or unprejudiced.

We find no other prejudicial error in the record, but are impelled because of the one pointed out to reverse the judgment.

Because of the error indicated the judgment is reversed with directions to grant the appellants a new trial, and for further proceedings consistent herewith.