## Crum v. Commonwealth.

(Decided June 19, 1925.)

### Appeal from Floyd Circuit Court.

1. Criminal Law—Defendant, Choosing to Read Transcript of Physician's Testimony on Former Trial, Cannot Complain Because Trial Court, Ruling and Examination of Physician was Read to Jury.—Where defendant was given choice whether he would read transcript of physician's testimony on former trial, or his own affidavit setting out substance of testimony, and chose former, he cannot complain because ruling of court as well as court's examination of physician, were also read to jury.

2. Criminal Law—Alleged Implied Bias of Juror Because of Relationship to Deceased Reviewable on Appeal.—Objection that juror was impliedly biased, because being related to deceased, may be reviewed on appeal, if properly preserved in and presented by record; such errors not being included in Criminal Code of Practice, section 281.

3. Criminal Law—Relationship of Juror to Deceased Held Not to Require Reversal, Where Defendant's Substantial Rights Not Prejudiced.—Alleged implied bias or juror, because related to deceased, held not to require reversal, in view of Criminal Code of Practice, section 340, where relationship was not shown to come within prohibited degree, nor that defendant was unaware of relationship before verdict was returned, and verdict was abundantly supported by testimony, since it was not prejudicial to his substantial rights.

4. Criminal Law—Decision on Former Appeal Law of Case.—Determination on former appeals as to propriety and correctness of certain instructions became law of case, binding on subsequent appeal.

EDWARD L. ALLEN, B. M. JAMES and A. J. MAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the third appeal of this case, the opinions in the other two are reported in 196 Ky. 802, and 202 Ky. 374. In the first one will be found a statement of the material and substantial facts, which appeared practically the same in each of the three trials and they will not be repeated here. Appellant was indicted for murdering Joe Hall and upon each of his trials he was found guilty of voluntary manslaughter and punished by confinement in the state penitentiary for a term stated in the verdict. .The first conviction was reversed because the court did not submit to the jury in its instructions all the law applicable to the proven facts, and the proper ones were therein directed to be given upon another trial. The court followed those directions upon the second trial which resulted, as we have stated, in another conviction, but the judgment was reversed because of the rejection of competent evidence offered by defendant. That evidence consisted of the testimony of a physician, who was a witness to the homicide, and saw the deceased strike defendant with a rock and later observed and noticed the wound thereby inflicted on defendant as well as observing the weight and size of the rock. Defendant on that trial offered to prove by the physician that the character of the wound so inflicted by the rock, and as observed by the physician, would most likely produce temporary unconsciousness, and because defendant claimed to have not known of the shot resulting in decedent's death, and which occurred after his being struck with the rock, we held in the second opinion, *supra,* that the tendered evidence of the physician was competent and the court erred in rejecting it.

The physician was not present at the third trial and defendant filed his affidavit setting out what the testimony of the absent witness would be and in it referred to the stenographic notes of his testimony on the second trial. The court overruled defendant's motion for a continuance on account of the absence of the physician and during the trial counsel representing him read to the jury all of the testimony of that witness given on the second trial as transcribed by the official stenographer and filed in the court as a part of the record of the prosecution, and it is now claimed that the court committed the same error on this trial for which the second reversal was ordered; and that is the chief ground argued for a

reversal on this appeal. But we do not agree with counsel in their contention that the court excluded from the jury on this trial the testimnoy of the physician that was held to be competent on the second appeal.

Defendant was given his choice upon this trial as to whether he would read the transcript of the physician's testimony or his own affidavit which set out the substance of that testimony. He chose to read the transcript of it and in doing so (as appears from the present record) he read the rulings of the court as transcribed in the former record as well as his avowals, and also read the pertinent examination of the witness heard in the absence of the jury. We cannot tell from the record whether defendant's counsel on the last trial asked for an expunging from the transcript of that testimony the rulings of the court on the second trial. But whether he made such motion or not, there was read to the jury as we have above stated, not only the avowals made before the physician was examined apart from the jury, but likewise that separate examination was also read before the jury on the last trial. So that, defendant got the full benefit of the professional opinion of the physician on the trial now under review, and he is in no position to insist that the rulings of the court on the second trial were also read to the jury, if they were so read, since he chose to read that transcript, as made on the second trial, as the testimony of the physician rather than his affidavit which contained no such rulings of the court but only the substance of the testimony to which he was entitled under our second opinion.

Another ground strongly urged for a reversal is that E. L. Akers, one of the jurors who tried the case, was impliedly biased because of being related to the deceased, Joe Hall. This court has held (Hensley v. Commonwealth, 26 Ky. L. R. 767) that under the provisions of section 281 of our Criminal Code this objection cannot be reviewed by us, but in a number of other cases preceding and following that one we have taken jurisdiction and reviewed such implied bias on the part of a member of the jury who sat at the trial of the case (Leadingham v. Commonwealth, 180 Ky. 38, and other cases therein cited), and we are convinced that the present rule is that section 281 does not include such errors and that they may be reviewed on appeal if properly preserved in and presented by the record.

Defendant in his motion for a new trial does not technically rely upon the disqualification of the juror, Akers, by reason of relationship to the deceased, but rather upon misconduct by him in withholding his relationship upon his *voir dire* examination, and he neither disclosed in his motion for a new trial (which was not verified) nor in any affidavit or otherwise that he was ignorant of such alleged relationship before the verdict was returned. If he was aware of that fact it was evidently his duty to move for a discharge of the jury and if he failed to do so and risked his chances with the disqualified juror he waived the objection and cannot insist on it on this appeal. The affidavit of the juror was filed in support of the motion for a new trial and we take from it this statement, "he, affiant, got the impression that the deceased, Joe Hall, was reared at or near the mouth of Abbot creek, in Floyd county, and with that information he stated at that time that he was no relation, and that he did not recognize that he was any relation to the said deceased, Joe Hall; however, it developed during the trial of said case that the deceased, Joe Hall, was raised in Carter county, and belonged to a Hall family which is, and was, directly related to this affiant." It is not stated therein, nor any other place in the record, the degree of relationship between the deceased and the juror and for aught that appears it may have been so remote as to destroy the implied bias and to relieve the relationship altogether as constituting legal implied bias. We have no statute fixing the degree of relationship that would constitute such bias, but we held in the case of Miracle v. Commonwealth, 148 Ky. 453, that if the juror was not aware of the relationship until after a return of the verdict it would not be cause for a reversal. The text in 35 C. J. 317, says, that: "At common law a juror was incompetent if the relationship was within the ninth degree. . . . In the absence of statutory provision as to the degree of relationship, the question is to be determined by the court according to the probability of prejudice or partiality resulting therefrom." If there was a fixed rule upon the subject any juror coming within the prohibited degree would be sufficient cause for challenge, but it would not necessarily follow that if he was not challenged and participated in making and rendering the verdict it should be set aside because of his relationship, and it was so held in the Leadingham and Miracle cases, *supra*.

Since, therefore, it does not appear that even under the common law rule the relationship in this case was within the prohibited degree and, since it also does not appear that defendant was unaware of the relationship before the verdict was returned, we are not inclined to hold it sufficient to authorize a reversal.  Especially is that true where the record shows, as it does in this case, that the verdict was abundantly supported by the testimony, and in view of the further fact that three juries composed of twelve men each have heard the testimony of both the Commonwealth and defendant in this case and in each instance found him guilty.  Not a single man out of the thirty-six who heard his case was convinced of his innocence and we are forced to the conclusion that the error now under consideration, if presented so as to be available, was not prejudicial to his substantial rights, and that under the provisions of section 340 of the Criminal Code we are not authorized to reverse the judgment therefor.

Some insistence is made in brief that the court did not properly instruct the jury, but an examination of the record does not disclose grounds for that criticism.  The opinion in 196 Ky. set out in detail the instructions to which defendant was entitled and it appears that the court, on the subsequent trials, followed the directions therein given and which directions upon re-examination we again conclude to be correct.  On the second appeal (202 Ky.) further reference to the instructions was made and since defendant is not entitled to a trial of his case by piecemeal those opinions became the law of the case, which we are not authorized to change or alter even if there were grounds therefore, but which we do not find to be true.

Finding no error for which a reversal should be ordered, the judgment is affirmed.