## Wolfe v. Commonwealth.

(Decided May 10, 1929.)

L. P. FRYER for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

The appellant was convicted in the Pendleton circuit court of the crime of seduction, and sentenced to the penitentiary for one year. To reverse the judgment against him, he urges, first, that the trial court should have sustained his motion for a peremptory instruction.

A recital of the facts is not necessary. It is sufficient to say that the testimony of the prosecutrix shows a state of facts, which, if true, contains all the elements of the crime denounced by section 1214 of Kentucky Statutes. Appellant does not deny the intercourse, but fixes the time earlier than that testified to by the prosecutrix, and denies any promise of marriage. The case was clearly for the jury. It has been frequently held by this court that conviction on this charge may be had upon the evidence of the prosecuting witness alone. Jordan v. Commonwealth, 180 Ky. 379, 202 S. W. 896, 1 A. L. R. 617; May v. Commonwealth, 164 Ky. 109, 175 S. W. 17; Hoskins v. Commonwealth, 188 Ky. 80, 221 S. W. 230. Appellant was not entitled to a peremptory instruction.

It is next insisted that the court excluded competent evidence offered by appellant. This was offered evidence showing questionable conduct upon the part of prosecutrix, after the act charged in the indictment. The offered testimony was not competent, and no error was committed in excluding it. Berry v. Commonwealth, 149 Ky. 389, 149 S. W. 824; Duggins v. Commonwealth, 217 Ky. 688, 290 S. W. 514.

It is next urged that the chastity of the prosecutrix, at the time of her seduction, is an element which the commonwealth must establish by evidence in chief. In this case the testimony came in rebuttal, for which it is now insisted appellant is entitled to a reversal. No authority in support of the proposition is cited, and our independent search has not disclosed any. However, in 24 R. C. L. 777, sec. 61, it is stated: "Much conflict of opinion has resulted in determining whether in prosecutions for seduction, the burden of proof rests upon the state to prove the chastity of the woman seduced, or on defendant to prove her want of chastity. In favor of the former position, it is contended that the state must establish every element of the offense beyond a reasonable doubt and the chastity of the woman is one of the elements. On

the other hand, it is contended that a woman is presumed to be chaste until the contrary is shown. The majority rule favors the latter view; hence, the chastity of the woman is presumed in the first instance, and the defendant must offer evidence of unchastity in order to take advantage of this defense."

This court favors the rule that a woman is presumed to be chaste until the contrary is shown; and a lack of chastity must be shown by the party who relies on it. The appellant made a feeble attack upon the chastity of prosecutrix, and it was competent for the commonwealth to meet this issue by the rebuttal testimony referred to.

Lastly, a reversal is sought on the ground that a juror was related to the prosecuting witness. On the hearing of the motion and grounds, it was shown that a brother of the wife of one of the jurors married a sister of the father of prosecutrix, and it is claimed this is such a relationship by affinity as brings it within subsection 1 of section 210, Criminal Code. It was shown by the affidavit of the juror in question that he was aware of the fact that his wife's brother had married an aunt of the prosecutrix at the time of his voir dire examination, but that he did not then regard himself as related to prosecutrix or her family to any extent, and did not know, and had never seen, the prosecutrix.

In 1 Bouv. Law Dict. 159, "affinity" is defined as "the tie which exists between one of the spouses with the kindred of the other; thus the relations of my wife, her brothers, her sisters, her uncles are allied to me by affinity, and my brothers, sisters, etc., are allied in the same way to my wife. But my brother and the sister of my wife are not allied by the ties of affinity."

In 2 C. J. 378, it is said: "Blood relations of the husband and blood relations of the wife are not related to each other by affinity."

There was, therefore, no relationship by affinity between prosecutrix and the juror in question, and no relationship otherwise, as to require a reversal of this case on that ground. Crum v. Commonwealth, 209 Ky. 823, 273 S. W. 520.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.