## Wyatt v. Commonwealth.

(Decided Sept. 25, 1934.)

S. A. CARY and C. C. HARLAN for appellant.

H. HAMILTON RICE, Assistant Attorney General, and BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Keen Wyatt, was convicted of the crime of malicious shooting at and wounding one Gordon Holeman and sentenced to a term of two years in the penitentiary.

The sole ground urged for a reversal of the judgment is the alleged relationship of Willie Carver, one of the jurors, to the prosecuting witness, Holeman.

The relationship of the juror to the prosecuting witness was made one of the grounds for a new trial and a hearing was had before the trial judge. A number of affidavits were filed and oral testimony was heard. It appears from the affidavits filed by appellant that a rumor was extant in the section of the county in which the juror, prosecuting witness, and the appellant resided that Gordon Holeman was the illegitimate son of John Rush, a kinsman of the juror Carver. In the affidavit of Willie Carver he stated that if he was related to Holeman by blood or marriage he did not know it and did not know of the relationship when he was examined as a juror. After the trial his attention was called to the relationship, and he then remembered that thirty years ago he heard a rumor to the effect that John Rush was the father of Holeman. It is admitted that he is related by consanguinity to John Rush but the degree of the relationship nowhere appears. Gordon Holeman, the prosecuting witness, stated in his affidavit that he had never heard, and did not know, that the juror Carver was related to him. Several persons stated in affidavits or orally before the court that it was rumored and generally known in the neighborhood in which the parties lived that Gordon Holeman was the illegitimate son of John Rush and related to Carver. Of course, if the juror when he served on the jury was ignorant of his relationship to the prosecuting witness, that relationship could not have influenced him against the accused and does not constitute a valid ground for reversal. Miracle v. Commonwealth, 148 Ky. 453, 146 S. W. 1136; Leadingham v. Commonwealth, 180 Ky. 38, 201 S. W. 500; Sizemore v. Commonwealth, 210 Ky. 637, 276 S. W. 524.

We do not think the proof heard on the motion for a new trial was sufficient to show that the juror knew of the relationship existing between him and the prosecuting witness when he served on the jury in view of his positive statement that he was ignorant of the relationship at that time. Furthermore, it was the duty of the appellant to show that he was ignorant of the relationship at the time of the trial and did not learn of it until after the verdict. Appellant's affidavit was not filed and there is no proof tending to show that he was ignorant of the relationship when the trial occurred. It appears that appellant is the son-in-law of J. M. Holeman, a half-brother of Gordon Holeman, the prosecuting witness and, under the circumstances, it is reasonable to assume, in the absence of proof to the contrary, that he knew of the relationship between Carver and the prosecuting witness. As said in Crum v. Commonwealth, 209 Ky. 823, 273 S. W. 520, 521:

"If he was aware of that fact, it was evidently his duty to move for a discharge of the jury, and, if he failed to do so, and risked his chances with the disqualified juror, he waived the objection, and cannot insist on it on this appeal."

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.