## Curry v. Commonwealth.

(Decided March 25, 1938.)

ROY W. HOUSE and J. H. ASHER for appellant.

HUBERT MEREDITH, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Henry Curry, has been convicted of shooting and wounding another with intent to kill, and his punishment fixed at confinement in the state penitentiary for a term of ten years. Appellant shot and seriously wounded Dan Brown in an altercation which arose during a gambling game in which the two were engaged. According to the testimony of Brown, appellant became angry, assaulted him without provocation, struck him on the head several times with a pistol, then pressed it against his body and fired while Brown was begging him not to shoot. Brown was corroborated by a number of eyewitnesses. Appellant claimed the pistol was discharged accidentally.

It is conceded that the evidence was sufficient to sustain the verdict. Six grounds were set out in appellant's motion for a new trial, but all have been abandoned except grounds 4 and 6, which read:

"(4) Because James Massey, one of the trial jurors was related by marriage to the prosecuting witness, Dan Brown, and which relationship was known by said juror at the time of the rendition of the verdict against him herein, and said relationship was unknown to the defendant at the time.

"(6) Because Belle Clark, one of the trial jurors in this case, was prejudiced against him by

reason of the fact a relative of his was a member of the jury, who tried and acquitted one Hugh Lunsford, charged by indictment with the murder of her husband.''

In the affidavit which is filed in support of his motion and grounds for a new trial, the appellant stated:

''That he has learned since the trial of his case that one of the trial jurors, J. M. Massey was related to the prosecuting witness, Dan Brown, by marriage in the following way: J. M. Massey's wife is a daughter of J. B. Walker and J. B. Walker is a first cousin to the Grand Mother of the prosecuting witness, and whose grand mother is Melvina Swafford. He does not know whether said juror knew said relationship or not at the time he qualified as a trial juror in this case, but in good faith believes that he was cognizant of the relationship before the rendition of a verdict against him herein,

''Belle Clark, another trial juror in his case was prejudiced against him by reason of the fact a relative of his was a member of the trial jury, who tried and acquitted one Hugh Lunsford charged by indictment with the murder of her husband.''

The affidavit of Lizzie Curry, wife of appellant, was also filed. It reads:

''The affiant, Lizzie Curry, states that she is acquainted with one Belle Clark, a trial juror in the case of the Commonwealth of Kentucky against Henry Curry charged by indictment with malicious shooting and wounding with intent to kill; that after said jury had reported and was discharged and on the 4th day of May, 1937, the said Belle Clark said in her presence and hearing that some Curry was a member of the jury which acquitted Hugh Lunsford for killing her husband; that she had helped try the defendant Henry Curry on the above-mentioned charge, and that they gave him ten years and that he ought to have had ninety nine years.''

In response to the affidavit of appellant, the commonwealth's attorney filed the affidavit of the juror. J. M. Massey, in which Massey stated:

"The affiant, J. M. Massey, states that at the time he qualified as a juror upon the trial of the above styled action that he had no knowledge of any relationship existing between himself and the prosecuting witness, Dan Brown, either by blood or by marriage; that he never had information of any relation by reason of his having married a daughter of a first cousin to the grandmother of the prosecuting witness, Dan Brown, until and after the rendition of his verdict as a juror in the case. Affiant further states that if he had known or learned of the distant relation existing between his wife and the prosecuting witness, Dan Brown, before rendering his verdict as a trial juror in the above styled action, it would not have changed his opinion as a juror after having heard the evidence adduced in the case."

We are not prepared to say that the nebulous relationship between the juror and the prosecuting witness was sufficient to constitute implied bias within the meaning of section 210 of the Criminal Code of Practice, but, in any event, since the juror was ignorant of the alleged relationship when he served on the jury, the appellant has no ground for complaint. Davis v. Com., 271 Ky. 180, 111 S. W. (2d) 640; Sizemore v. Com., 210 Ky. 637, 276 S. W. 524. In Wyatt v. Com., 255 Ky. 454, 74 S. W. (2d) 928, 929, it was said:

"Of course, if the juror when he served on the jury was ignorant of his relationship to the prosecuting witness, that relationship could not have influenced him against the accused and does not constitute a valid ground for reversal."

The second ground relied upon by appellant is equally without merit. The facts stated in the affidavits failed to show bias or prejudice on the part of the juror Belle Clark. Furthermore, the affidavit of the juror could not have been used to establish ground for a new trial, and it follows that what she said was insufficient to authorize a new trial when appearing secondhand through the affidavit of appellant's wife. Criminal Code of Practice, sec. 272; Morgan v. Com., 188 Ky. 458, 222 S. W. 940.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.