## Crawford et al. v. Commonwealth.

April 30, 1940.

C. D. Newell, Judge.

John P. McCartney, William Conley and William H. Conley, for appellants.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

George Crawford and Leo Flora have been convicted of the crime of assaulting Robert Gray with an offensive weapon with intent to rob him and their punishment fixed at imprisonment for 21 years.

By this appeal they are seeking a reversal of the judgment on the grounds (1) that the verdict and judgment of conviction is not sufficiently supported by the evidence and (2) that one of the jurors was related to the prosecuting witness and on voir dire examination did not disclose such relationship and such was not known to appellants or their counsel until after the verdict had been reached.

Appellants were jointly indicted with William Crawford and Faris Flora but at the close of the evidence for the commonwealth the jury pursuant to instruction of the court returned a verdict finding William Crawford and Faris Flora not guilty.

As appears in evidence the prosecuting witness, Robert Gray, lived very close to the Licking River. There is a small storeroom near his residence where he carried some groceries and other articles of merchandise. The Crawfords and Floras lived in or near Myers station on the river and about 6 miles below the home of

Robert Gray. On the day the assault and robbery was committed they left their home and rowed in 2 boats up the river to a point near the home of Robert Gray. On arriving there, William Crawford and Faris Flora went to Gray's store to purchase some fish hooks and while there bought some eggs and other food. Appellant and his associates testified that they went up the river to hunt frogs; that William Crawford had broken the spear on his frog gig and went to the store to get another large fish hook and while there they bought some food. Some time after dark two men went to the home of Gray, brutally assaulted him with some sort of weapon or instrument, tied and gagged him and robbed him of about six dollars. He testified that he knew appellants and positively identified them as the ones who assaulted and robbed him.

Appellants and their companions testified that after William Crawford and Faris Flora returned from Gray's store they made a fire and prepared and ate the food they had brought with them and purchased in the store; that it was then getting dark and they started out hunting frogs; that none of them ever left the river again until they returned home. One or two men who were on the river testified that as appellants and their companions went up the river in the afternoon they asked how far it was to Robert Gray's or where he lived. Appellants and their companions denied this and stated that they asked where they could procure some fish hooks and were told by the parties whom they met that they could get them at Mr. Gray's.

There was considerable evidence introduced with a purpose to and which in a measure does tend to contradict the statements of Robert Gray as to who assaulted and robbed him and as to whether he was acquainted with appellants, but a jury whose peculiar province it is to determine the credibility of the witnesses and the weight to be given their evidence determined all these matters against appellants and under a rule which is recognized by counsel for appellants, in view of the positive evidence of Robert Gray that he recognized appellants as his assailants and other circumstances, this court would not be authorized to disturb the verdict on the first ground urged.

The second ground is based upon affidavits in sup-

port of appellants' original or supplemental motion and grounds for new trial. These affidavits are to the effect that Walter Jackson, one of the jurors, was related by blood or marriage to the prosecuting witness, Robert Gray; that Walter Jackson's sister married a cousin of Robert Gray and one of Walter Jackson's cousins married a sister of Charlie Gray who was a cousin of Robert Gray. On a hearing of the question raised by these affidavits Walter Jackson testified that when he was called and accepted as a juror he knew nothing of any such relationship and did not recognize same.

It has been held by this court that the relationship of a juror to a prosecuting witness is not grounds for reversal of a judgment of conviction if the juror was ignorant of the relationship when he served on the jury. Wyatt v. Commonwealth, 255 Ky. 454, 74 S. W. (2d) 928. Furthermore, the affidavits do not attempt to set forth the degree of relationship or that it is such as would authorize a reversal under Section 210 of the Criminal Code of Practice. See Cox v. Commonwealth, 255 Ky. 391, 74 S. W. (2d) 346 and Wolfe v. Commonwealth, 229 Ky. 385, 17 S. W. (2d) 219, 64 A. L. R. 263, which are conclusive as to the want of merit in the second ground relied on by appellants.

Finding no error prejudicial to appellants' substantial rights, the judgment must be, and is, affirmed.