Pearl PENNINGTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1958.

Will C. Hoskins, Hyden, Wm. J. Weaver, London, A. E. Cornett, Hyden, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal by Pearl Pennington is from the conviction of voluntary manslaughter with imprisonment of ten years.

For several years there had been trouble between the appellant, his father and his brother on the one side, and the deceased, Clemme Joseph, and some of his family on

the other side over use of a passway. A big fight occurred at the home of Jim Mosley, the deceased's brother-in-law, during which twenty or twenty-five shots were exchanged by the participants. Not only Joseph but also an old man who lived with Jim Mosley, an innocent bystander, was killed. The appeal is based upon the sole ground that the appellant was entitled to a new trial because two of the jurors had not disclosed on voir dire examination that they were closely related to Jim Mosley, who was shot and wounded in the affray and who was one of the principal witnesses for the prosecution. He and the deceased had at one time been convicted of obstructing the passway upon prosecution by the Penningtons, and the defendant was under indictment for shooting and wounding the witness.

One of the grounds for a new trial was that John Smith, one of the jurors, was Jim Mosley's first cousin, their mothers being sisters. The supporting affidavits also state that Burley Brock, another juror, was Mosley's second cousin, but Brock's name is not mentioned in the motion. The prospective jurors had been specifically asked on voir dire if any of them were related by blood or marriage to Clemme Joseph, the deceased, or to the prosecuting witnesses, Jim Mosley and Suzanne Mosley, and both Smith and Brock had remained silent. All of the parties lived in the same neighborhood. The relationship was not controverted, nor was the affidavit of the defendant and his attorney that at the time of the trial they did not know that John Smith or Burley Brock was related to Mosley and that if they had known such fact, they would have challenged Smith and Brock as being disqualified or would have exercised peremptory challenges.

The trial court, in an order overruling the motion for a new trial, stated that the panel had been questioned concerning their relationship to Mosley "and the court impressed on the defense counsel that one juror, John Smith, was hard of hearing and the Commonwealth Attorney likewise indicated to the court and the defense counsel that the Commonwealth felt that the juror John Smith was hard of hearing and should be excused, but the defense indicated a desire to retain John Smith on the jury, and it later developed that there was a relationship between the said John Smith and Jim Mosley, whereupon the court swore the juror John Smith and he swore that he did not hear any question concerning the relationship of any prospective juror and Jim Mosley." The court's interrogation of Smith after the trial is not otherwise in the record. The court expressed the opinion that the defendant had waived objection to the juror Smith. The order also recites that "there is nothing in this record to indicate that another juror Burley Brock had any knowledge of his relationship to Jim Mosley, and thus the defendants motion and grounds for a new trial in this action is hereby overruled."

■■■ Section 210 of the Criminal Code of Practice authorizes the challenge for cause of any prospective juror for implied bias if he be "related by consanguinity or affinity * * * or be a member of the family of the defendant, or of the person alleged to be injured by the offense charged, or on whose complaint the prosecution was instituted." Where on voir dire examination a prospective juror recognizes his relationship, he should be excused. Williams v. Commonwealth, 254 Ky. 277, 71 S.W.2d 626. While the witness Mosley does not strictly come within the described category, credulity would be stretched to the breaking point to say that the juror's close relationship to Mosley, who had participated in the fight at his home in which he was shot and his brother-in-law was killed, does not practically, or within limits of reality, bring the juror under the classification of being impliedly or presumably biased so as to support a challenge for cause. We do not construe the Code provision as being necessarily confined to a victim for whose death or injury the defendant is being placed on trial or one who may have instituted the

prosecution. We think it comprehends a witness so involved and so actually concerned that his interest would probably influence the consideration of the case by his close kinsman sitting on the jury and would likely affect his verdict. Compare Wright v. Commonwealth, 155 Ky. 750, 160 S.W. 476. It is the probability of bias or prejudice that is determinative in ruling on a challenge for cause. Sizemore v. Commonwealth, 210 Ky. 637, 276 S.W. 524.

■ Moreover, it is a requirement for the due administration of justice that revelation be made of material and significant facts affecting the qualification of a juror in order that a party may, if he desires, exercise his right of peremptory challenge. Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S.W.2d 293.

■ When on a motion for a new trial the defendant in a criminal prosecution shows kinship of a juror to a party substantially involved in the case to such a degree as reasonably raises an implication of bias or unfairness and shows that the defendant and his attorney were not aware of it, the burden shifts to the Commonwealth to prove that the juror did not know or recognize such relationship. Horton v. Commonwealth, Ky., 240 S.W. 2d 612. If that be developed, the implication of bias passes out. In the present case the Commonwealth did not undertake to prove the juror's innocence of his disqualification. So, all of the essential conditions which require the granting of a new trial were shown. Gray v. Commonwealth, 247 Ky. 282, 57 S.W.2d 6.

■ Only the question of waiver remains in the case. All there is on that is the statement of the court in his order, above quoted, that the defendant and his attorneys were informed by the court that the juror Smith was hard of hearing and that upon the court's inquiry after trial the juror had said he had not heard the question asked on voir dire concerning the relation of the prospective jurors to Mosley and other parties. The attorneys state in their brief they did not know Smith was hard of hearing.

In Leadingham v. Commonwealth, 180 Ky. 38, 201 S.W. 500, 502, it was shown on a motion for a new trial that a juror had not disclosed that he was a second cousin of the man whom the defendant had killed. The trial court in that case likewise incorporated in an order overruling the motion his statement that the juror had been thoroughly examined in the presence of the court as to his kinship to the party killed and had said that he was not related, or if he was, he did not know or recognize it. We held that when it was made to appear by the defendant that the juror was so related to the deceased as to disqualify him as a juror on the trial, "the burden shifted to the commonwealth to overcome this presumption by evidence that the juror was ignorant of the relationship, which to be considered here must be found in the bill of evidence." We further held that the omission from the record could not be supplied by a statement of fact in the court's order.

■ It may perhaps be true the juror did not hear the question. But it is certainly true that he knew of his close relationship to the witness Mosley. He concealed that fact. The same is true of the juror Brock, whose hearing was in no way shown to have been impaired, although failure to include his name in the motion for a new trial technically excludes his disqualification from our consideration. The trial court, however, considered it and erroneously ruled a new trial could not be granted on his disqualification because the defendant did not show Brock knew of his relationship. This overlooked the obligation of the Commonwealth to meet the burden on that point. Both Smith and Brock were guilty of misconduct that required the verdict to be set aside. Gray v. Commonwealth, 247 Ky. 282, 57 S.W.2d 6.

That the defendant in a criminal prosecution shall have a trial by unbiased and

unprejudiced jurors is fundamental, for it goes to the very root of the administration of justice. § 11, Ky.Const.; Ellis v. Commonwealth, 207 Ky. 162, 268 S.W. 1087; Sizemore v. Commonwealth, 210 Ky. 637, 276 S.W. 524.

We are of opinion that the court erred in denying the defendant a new trial.

Judgment reversed.