**Terry Lee BROWN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 89–SC–97–DG.**

Supreme Court of Kentucky.

April 26, 1990.

Marie Allison, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

COMBS, Justice.

On September 4, 1986, this Court affirmed appellant's conviction of two counts of first-degree rape of his ten-year-old step-daughter, for which he received two consecutive twenty-year sentences for a total of forty years in prison. In January 1987, appellant filed a RCr 11.42 motion to vacate. A hearing was held on this motion. In May 1987, appellant filed a supplemental RCr 11.42 motion as well as a CR 60.02 motion. These motions were overruled by the trial court.

On appeal, the trial court's action was affirmed in an opinion rendered by the Court of Appeals on September 2, 1988.

In seeking reversal, appellant contends that he was denied his constitutional right to a fair trial by an impartial jury resulting from the misconduct of juror Charles Watkins in that he failed to answer truthfully questions propounded to him during voir dire. Appellant next contends that he was denied his constitutional right to confront witnesses against him. He contends that juror Watkins presented evidence during deliberations to his fellow jurors when he drew a map of the Homer community in Logan County where the crime occurred.

The Commonwealth contends the doctrine of "law of the case" and RCr 10.04 are dispositive of the matter and that the opinion of the Court of Appeals should be affirmed. We agree.

■ We have carefully studied the record and the briefs in this case. Though some issues were raised in the Court of Appeals that are not raised here, we feel that a portion of the excellent opinion of the late Judge Kenton J. Cooper of the Court of Appeals adequately addressed the issues before us. For that reason we adopt the following portion of his opinion as ours. It is as follows:

.　　.　　.　　.　　.

"Principally, the appellant argues that he was denied his constitutional right to a fair and impartial trial as a result of a juror failing to give an honest response to a question during voir dire. The specific question at issue was whether any of the prospective jurors knew any of the parties involved including members of the Lack family, the grandparents of the victim. Although the appellant strongly argues that

his constitutional rights were violated as a result of the juror's alleged dishonesty, we decline to address such issue in that it was presented to the Supreme Court of Kentucky in the appellant's direct appeal.

In its judgment affirming the appellant's conviction, the Supreme Court of Kentucky addressed such issue as follows:

> Brown has failed to prove by competent evidence that a juror or jurors failed to truthfully answer on voir dire examination in order to conceal bias ... Brown was not denied his constitutional right to a fair and impartial jury. The trial judge did not abuse his discretion in refusing to strike the jurors.

It is an established principle that this Court [Court of Appeals] will not address an issue which was raised in a direct appeal or which should have been raised in a direct appeal. In *Thacker v. Commonwealth*, Ky., 476 S.W.2d 838 (1972), the court stated as follows:

> It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court.

*Id.* at 839. In that the issue was considered by the Supreme Court of Kentucky, we will not consider it herein.

Similarly, although the appellant argues that his trial counsel was ineffective in failing to discover the alleged dishonesty and bias on the part of juror Watkins, we find from a review of the record below that such issue was presented to the Supreme Court of Kentucky. Again, under the rationale set forth by the Court in *Thacker*, such issue will not be retried by this Court [Court of Appeals]. The Supreme Court of Kentucky addressed the issue thusly:

> Brown contends that the failure of defense counsel to discover the possible affiliations of jurors Charles Watkins and Mark Smith with the parties during voir dire affected his right to effectively exercise his peremptory challenges. We disagree.

Brown's right was not compromised because Juror Smith maintained that he did in fact mention that he was employed by E.R. Carpenter, and Juror Watkins maintained that he answered in the affirmative when asked whether he knew the Lack family. Thus, although the court reporter made no record of such responses, the jurors testified that they responded truthfully in voir dire and that they based their verdict only upon the evidence presented at trial and not upon any relationship to the victim or the accused. To support a contention of bias, Brown must prove that the potential juror's answer to the questions on voir dire were untruthful and that such lies were deliberately meant to deceive. *Id.* This he did not do.

> Although the transcript of the voir dire proceedings seems to support the appellant's contention that juror Watkins failed to respond to the question in issue—did he know the Lack family?—Watkins testified in a hearing before the trial court on the first RCr 11.42 motion that he did respond both verbally and by raising his hand. Consequently, although a question of material fact was raised, the Supreme Court of Kentucky as well as the trial court failed to find any evidence of deliberate untruthfulness and bias."

. . . . .

We affirm the opinion of the Court of Appeals, and the Order of the trial court.

STEPHENS, C.J., and GANT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion, in which LAMBERT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

This is an RCr 11.42/60.02 collateral attack on the verdict, based on evidence at the hearing from two jurors that:

1) A third juror, Watkins, had provided additional evidence in the jury room by drawing a map. This map explained why, if the victim screamed when attacked, as she claimed, she could not be heard because the alleged location of the offense in

a wooded area was too far from nearby houses to be heard.

2) Further, Juror Watkins revealed in the jury room a close association and friendship with the victim's grandfather, which necessarily implied a bias in favor of the victim and disqualification which should have been revealed on voir dire. *Pennington v. Commonwealth*, Ky., 316 S.W.2d 221 (1958).

We should reverse on point one (1) because RCr 10.04, prohibiting the examination of jurors about their deliberations in the jury room, does not apply to situations where the juror provides new evidence in the jury room. *C.f. In re Beverly Hills Fire Litigation*, Ky., 672 S.W.2d 922 (1984), and, more particularly, the underlying case of the same name cited therein, 695 F.2d 207 (6th Cir.1982), wherein the U.S. 6th Circuit reversed a lengthy and complex trial because of similar juror misconduct, furnishing additional, material evidence in the jury room. I would follow the ruling in *Watkins v. State*, 237 Ga. 678, 229 S.E.2d 465 (1976) and *People v. De Lucia*, 20 N.Y.2d 275, 282 N.Y.S.2d 526, 229 N.E.2d 211 (1967).

In this instance RCr 10.04 conflicts with the right of confrontation preserved by the Fifth Amendment and the right to confront witnesses "face to face" in the Kentucky Constitution, § 11.

We should reverse on point two (2) because the "conduct" of juror Watkins (presumably his conduct in the jury room) was already examined in the Motion for a New Trial wherein Watkins testified about his association with the alleged victim's grandfather and his answers on voir dire. Under CR 60.02, the court can and should reopen this issue, previously affirmed on appeal, where there is new evidence showing false information was provided which underlies a previous decision. In this case it was an abuse of discretion to deny the 60.02 Motion.

LAMBERT, J., joins this dissent.