## Walton v. Commonwealth.

(Decided March 2, 1928.)

### Appeal from Campbell Circuit Court.

1. Homicide.—Whether defendant was guilty of manslaughter held question for jury, where evidence was contradictory.

2. Criminal Law.—Improper question put by commonwealth's attorney to defendant in murder case, asking him how many persons he had shot in last five years, held not reversible, where court promptly sustained objection to question; presumption being that jury was governed by court's ruling and not influenced by question.

3. Criminal Law.—Court will presume that jury was governed by ruling sustaining defendant's objection to improper question and that jury was not influenced by such question.

4. Criminal Law.—New trial held not required under Criminal Code of Practice, sec. 271, because of method employed by jury in arriving at verdict, where jury unanimously agreed as to guilt of defendant, and then ascertained average opinion as to punishment which should be inflicted, and subsequently unanimously and independently agreed upon punishment.

HORACE W. ROOT for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Rees—Affirming.

The appellant, John Walton, Sr., was indicted in the Campbell circuit court for the murder of Donald Hall, and at his trial was convicted of the crime of manslaughter and his punishment fixed at confinement in the penitentiary for a period of seven years.

In his motion for a new trial a number of grounds therefor are set out, but in this court his counsel urged only two, which are: (1) Alleged misconduct of the commonwealth's attorney, and (2) that the jury arrived at the verdict by lot.

It would serve no useful purpose to relate the evidence in detail. In substance, it shows that the relations between the families of appellant and the deceased were unfriendly; they were neighbors and one of appellant's sons was indebted to the deceased in the sum of $4. According to the evidence for the commonwealth, the deceased went to appellant's home on the day the homicide occurred to collect the amount due him. Appellant, his wife, and two sons were in the yard near his house, and a dispute arose between the deceased and members of appellant's family. Appellant walked to an outbuilding in the yard, procured a shotgun, returned, and leveled it at the deceased, saying he was going to shoot. The deceased raised his hands above his head and said, "Shoot!" whereupon appellant fired the gun, killing the deceased instantly. Appellant and his two sons testified that when the deceased came upon the appellant's premises he was drunk and very abusive and advanced upon appellant armed with a club, threatening to kill him, and that appellant shot in self-defense. The evidence was contradictory, and the question of appellant's guilt was for the jury to determine.

The alleged misconduct of the commonwealth's attorney consisted of a question asked appellant on cross-examination. The question and the ruling of the court thereon are as follows:

"Q. Mr. Walton, I will ask you to tell the jury how many persons you have shot in the last five years."

"Defendant objects; court sustains the objection, to which the commonwealth excepts and moves for leave to make an avowal, which leave is granted."

The defendant moved to have the swearing of the jury set aside, the court overruled the motion, and the defendant excepted. The question objected to was improper and the court properly sustained the objection thereto. The appellant was not permitted to answer the question and no incompetent evidence was heard by the jury.

If a commonwealth's attorney knowingly asks improper questions for the purpose of prejudicing the minds of the jury, his conduct is highly reprehensible, and, where the facts are such that his misconduct would tend to prejudice the substantial rights of the defendant, a reversal will be granted; but in this case under all the facts the act complained of did not amount to such misconduct. The prompt ruling of the court protected the rights of appellant, and the presumption is that the jury was governed by the ruling of the court and was not influenced by the question.

The second ground urged for reversal is that the jury arrived at the verdict by lot in violation of section 271 of the Criminal Code, which provides that "if the verdict has been decided by lot, or in any other manner than a fair expression of opinion by the jurors," the court "may grant a new trial, if a verdict be rendered against the defendant, by which his substantial rights have been prejudiced." At a hearing on the motion for a new trial the appellant called a number of jurors for an oral examination to ascertain whether or not the verdict was arrived at by lot. The commonwealth, in opposition to the motion for a new trial, filed the affidavits of the twelve jurors in the case, which in substance stated the same facts to which they had testified on the oral examination. The affidavits set out substantially the same facts, one of them being as follows:

"Affiant, David Winter, says that he was one of the jurors which tried the case of the commonwealth of Kentucky against John Walton, Sr., which returned a verdict of seven years' confinement in the penitentiary; affiant further says that all of said jurors agreed that the defendant was guilty of the offense as charged in instruction No. 2, as given to them by the court, but after they agreed on his guilt they then could not agree upon the punishment; that after some discussion it was agreed among them that each juror write down the amount of sentence he

thought defendant should have and all to be added
up and divided by twelve; affiant says that the total
number of years was over ninety, and being divided
by twelve the quotient was seven and three-fourths
years; that thereafter some members of the jury of-
fered a motion that the sentence be made seven
years, instead of seven and one-half years, and upon
a rising vote it was agreed by all that the defendant
be sentenced to seven years in the penitentiary and
that they returned such verdict into court.''

It will be noted that the jury unanimously agreed as
to appellant's guilt before taking any steps to determine
his punishment, and it was then agreed that each juror
should write on a slip of paper the number of years he
thought appellant should be confined in the penitentiary;
that the total should be divided by twelve and the quo-
tient should be the verdict. This procedure was followed,
the result being 7¾ years. A member of the jury then
offered a motion that the sentence be made 7 years and
this was agreed to by the entire jury.

The practice of juries in arriving at verdicts by lot
has been repeatedly condemned by this court; but where,
as in this case, it appears that the jury unanimously
agreed as to the guilt of the defendant, and after ascer-
taining the average expression of opinion as to the pun-
ishment to be inflicted, such expression of opinion was
subsequently unanimously and independently adopted by
the jury, a new trial will not be granted because of the
method employed by the jury in arriving at the verdict.
Bennett v. Commonwealth, 175 Ky. 540, 194 S. W. 797;
Choate v. Commonwealth, 176 Ky. 427, 195 S. W. 1080;
Clark v. Commonwealth, 201 Ky. 620, 257 S. W. 1035.

In Choate v. Commonwealth, supra, the method
adopted by the jury in arriving at a verdict was almost
identically the same as that adopted by the jury in the
instant case, and after quoting with approval from Ben-
nett v. Commonwealth, supra, this court said:

''Supplementary to what is said in that opinion,
it may further be noticed that although section 271
of the Code authorizes the granting of a new trial
when the verdict has been arrived at by lot the grant-
ing of a new trial for this cause is a matter within
the discretion of the trial court and consequently a
matter of discretion with this court, because the sec-
tion expressly provides that it shall only be a ground

for a new trial when it appears that the substantial rights of the defendant have been prejudiced by this method of determining the sentence; so that before either the trial court or this court would be justified in setting aside a verdict upon this ground, it should appear from the record that the substantial rights of the accused were prejudiced by the action of the jury, and we are well satisfied that the substantial rights of Choate were not prejudiced by the manner in which the jury agreed on his term of imprisonment.''

We have carefully inspected the record and have found no error prejudicial to the substantial rights of the appellant.

Judgment affirmed.