## Cox v. Commonwealth.

(Decided June 15, 1934.)

(Rehearing Denied Sept. 28, 1934.)

F. DOUGLASS CURRY and W. H. PHILLIPS for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellant has again been found guilty of manslaughter upon her trial under an indictment charging her with the murder of Robert Horn, and her punishment has been fixed at eight years' confinement in the penitentiary. As the facts are practically the same as on her former trial, the reader will find them well presented in 251 Ky. 128, 64 S. W. (2d) 481.

### Motion for Change of Venue.

Mrs. Cox filed her application for change of venue, supported by her own affidavit and the affidavits of two residents and housekeepers of the county, that they are acquainted with the state of public opinion in Mercer county, and that she could not get a fair and impartial trial in that county. The court considered those affidavits and heard oral evidence, after which her motion was overruled. The oral evidence is not here, and in its absence we cannot say the court erred in overruling her motion.

### Kinship of Juror to Deceased.

One juror is shown to be a second cousin of the wife of a brother of the deceased, and his wife's uncle married a niece of the deceased. This charge was not denied. Such relationship is not close enough to warrant a reversal. See Wolfe v. Com., 229 Ky. 385, 17 S. W. (2d) 219, 64 A. L. R. 263. The juror was related to

the deceased by neither blood nor affinity. See Sizemore v. Com., 210 Ky. 637, 276 S. W. 524.

### Was the Verdict Reached by Lot?

Mrs. Cox filed the affidavit of one of the jurors in which he says:

"Upon receiving the case for deliberation he was in favor of a verdict of acquittal as were five other members of said jury; that he never felt and does not now feel that the defendant Minnie Cox was proven guilty beyond a reasonable doubt. That in the deliberations of the jury, in order to reach a verdict each juror set down on a piece of paper the number of years he felt defendant should have, except this affiant, and the various sums were then added together and divided by twelve, when the result was nine years; that he never agreed to this verdict; that this result was reached approximately one-half hour before the final verdict was rendered, and it was urged upon him and other members of the jury who felt defendant should be acquitted that it would cost the state $4000.00, to try defendant again in the event of a hung jury; that by reason of these representations affiant agreed to a compromise verdict of eight years, believing it would be better for the defendant than to remain in jail and go through another trial."

This, Mrs. Cox urges, was arriving at a verdict by lot. This is a question that was carefully considered by this court in Walton v. Com., 223 Ky. 393, 3 S. W. (2d) 764. We can add nothing to what was said there. The affidavit of this juror is an ugly looking thing. Here is a man who took a solemn oath he would return a true verdict, who was instructed that if there be a reasonable doubt of the defendant being proven guilty she was entitled to an acquittal, who agreed to a verdict of guilty because it would cost the state $4,000 to try her again, who heard that verdict solemnly read in open court and agreed to it, and the jury was polled, their names were called one by one, and he still agreed to it, and who now says he did not believe then she had been proven guilty beyond a reasonable doubt and does not believe so now, and who says there were with him five other jurors who were even more spineless than he, for he at least has had manhood enough to admit his wrong, while they have not, but now he comes under the guise

of showing the verdict was reached by lot, which is permissible by section 272 of the Criminal Code of Practice, and makes an affidavit which does not show the verdict was reached by lot, but does attempt to impeach the verdict, which cannot be done. See Allen v. Com., 234 Ky. 302, 28 S. W. (2d) 19; Beard v. Com., 149 Ky. 632, 149 S. W. 989; McDowell v. Com., 207 Ky. 680, 269 S. W. 1019.

This affidavit does not show the members of the jury had agreed in advance to accept the quotient obtained by their adding and dividing and does show they did not accept the quotient they obtained. On the contrary, they rejected the quotient which was "nine" and agreed upon a verdict of "eight years" because they thought that would be better in view of the defendant having to remain in jail and what they supposed would be the expense of another trial.

However much quotient verdicts are to be condemned (Allard v. Smith, 2 Metc. [59 Ky.] 297, and Bennett v. Com., 175 Ky. 540, 194 S. W. 797), this was not such a verdict, as it is quite unlike the quotient they obtained. See 16 C. J. p. 1087, sec. 2252, and 46 C. J. p. 156, sec. 124.

Hence we must affirm this judgment.