# Burton v. Commonwealth.

February 1, 1949.

Redwine & Redwine and Harvey T. Lisle for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment convicting and sentencing appellant to 21 years in the state reformatory for the manslaughter of Herbert Crowe. Death resulted

from knife wounds inflicted during a fight on the street in front of a pool room in Winchester. Since no question has been made concerning the sufficiency of the evidence to support the verdict of the jury, we will not waste time or space in describing the events leading up to and resulting in the homicide. The three grounds urged for reversal are: (1) The verdict was rendered as a result of passion and prejudice and the punishment fixed is excessive and oppressive because of the alleged improper and illegal manner by which the jury fixed the punishment; (2) improper conduct of the attorney for the Commonwealth while arguing the case before the jury; and, (3) error of the Court in admitting incompetent testimony. We will dispose of the grounds for reversal in their order.

Appellant contends that previous to voting on the punishment the jurors agreed to fix it at such term as the majority of their members should determine, and when the vote was taken, only a majority thought the term should be for 21 years but that such term was fixed in pursuance of their previous agreement. This complaint is based solely on an affidavit signed by both appellant and his father, which, insofar as pertinent recites:

"The affiant Robert Burton says he has been reliably informed that the jury, before considering the verdict to be rendered in his case, agreed to leave to a majority of the panel the number of years he was to get, and that the jurors agreed with each other that whatever term the majority voted to inflict would be the penalty imposed. That said agreement was unlawful, in that each juror surrendered his right to decide and determine for himself the penalty to be given, and same was unfair and illegal, and resulted in a higher penalty or term that most jurors intended to and wanted to impose.

"" *     *     *     *     *     *

"Defendant says his father talked with some of the jury and learned these facts and joins in this affidavit.

"(Signed)  Robert Burton<br>
"Defendant

"(Signed)  H. C. Burton<br>
"Father"

Section 272 of the Criminal Code of Practice pro-

vides: "A juror can not be examined to establish a ground for a new trial, except it be to establish that the verdict was made by lot."

Previous to the enactment of that Section of the Code, the testimony of a juror was not admissible to impeach the verdict on any ground; and, since its enactment, the testimony of a juror may be received only to establish that the verdict was arrived at by lot; but even this fact must be established by the testimony (affidavit) of a juror and may not be shown by hearsay testimony contained in an affidavit of one who was not present at the time of the occurrence. Morgan v. Commonwealth, 188 Ky. 458, 222 S. W. 940, 944. It is obvious that we may not consider this complaint in the form and manner presented.

The second ground for reversal is based on alleged misconduct of the Commonwealth's attorney, which has not been certified to us in the bill of exceptions, and to which appellant admits no objection was made or exception taken at the time of its occurrence. Since it has not properly been certified to this Court, we are without right to consider the complaint. Section 282, Criminal Code of Practice and Annotated cases.

We come to the third and last contention, viz.: The Court erred in admitting incompetent testimony. The Chief of Police of Winchester, learning of the homicide, entered upon a search for appellant for the purpose of arresting him. He called at and searched appellant's apartment in an endeavor to find him. He did not find appellant in the apartment proper but observed bloody water in a wash basin and a jacket spattered with blood lying on a piece of furniture. He called for Burton but did not receive an answer and was about to leave the apartment when he noticed a bathroom at the end of the hall. He tried to gain admission to the bathroom but it was locked. He called and received no answer, whereupon he broke in the door and discovered appellant. The chief of police related these facts in his testimony on trial. He was then asked the following questions and gave the following answers:

"Q. Who did you find inside the door there? A. Bobby Burton.

"Q. What information did you give Bobby? A. I told him what he had done and he was under arrest.

"Q. What did he say? A. He said that if Crowe was cut someone else cut him, that he didn't."

Appellant contends that the testimony of this witness was incompetent because the matters related by him were not a part of the res gestae, and since there was no dispute that Burton cut Crowe the evidence in respect to the blood on the jacket and the necessity of breaking into the bathroom was incompetent and inflamed the minds of the jurors. We agree with counsel that the statement of Burton at the time of his arrest was not a part of the res gestae; as a matter of fact, it was self serving, although the evidence for the Commonwealth that Crowe was cut by Burton was so overwhelming that his statement to the contrary at the time of his arrest did not serve him well. But its ultimate effect does not change its character and since the statement was self serving it was subject to objection only on the part of the Commonwealth. The testimony in respect to the presence of bloody water in the wash basin and bloody spots on the clothing was evidence of circumstances directly connecting appellant with the homicide and was competent, as also was the evidence concerning the requirement of the officer to break an inside door to make the arrest. Evidence of flight or other endeavors to avoid arrest following the commission of a crime always is competent to show guilty knowledge. Grigsby v. Commonwealth, 299 Ky. 32, 184 S. W. 2d 77; and Napier v. Commonwealth, 306 Ky. 75, 206 S. W. 2d 53.

Judgment is affirmed.