## Graham v. Commonwealth.

June 24, 1949.

Thad Cheatham and H. H. Glenn for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Ben Graham was convicted of shooting and wounding Ele Grigsby with intent to kill and his punishment was fixed at confinement in the penitentiary at four years. In seeking to reverse the judgment Graham in-

sists: (a) incompetent evidence was admitted over his objection; and (b) the verdict was reached by lot.

Due to the nature of the two questions raised on this appeal it is unnecessary to detail the facts of this unfortunate occurrence. It is sufficient to say that Ele Grigsby and J. M. Stout owned a tract of land near Shepherdsville in Bullitt County which they rented to appellant. Stout was using a bulldozer to level some dirt around a barn when he and appellant got into an argument. Stout left the scene hurriedly without turning off the motor on the bulldozer, and Grigsby testified he went to the machine to cut off the motor and appellant shot and seriously wounded him in his side and back as he (Grigsby) ran from the machine. Appellant's testimony is that he shot in self-defense as Grigsby turned to throw a rock at him. He was corroborated by his wife. In view of the conflict in the testimony appellant does not insist that the verdict is flagrantly against the evidence.

Bert Hall, a former sheriff of Bullitt County, was introduced by appellant as a character witness. Mr. Hall in answer to the usual question as to whether he knew the general reputation of the accused for peace and quietude in the community in which he lived from what his neighbors said about him, stated, "I never heard his character discussed at all." Then on cross-examination, the commonwealth attorney asked Mr. Hall if he knew the accused had been convicted on April 29, 1931, for carrying a concealed deadly weapon? If he knew accused had been convicted on April 26, 1932, of shooting and wounding with intent to kill? If he knew accused had been convicted on April 28, 1932, of murder? If he knew accused had been convicted on Jan. 24, 1934, of carrying concealed a deadly weapon and had been disfranchised on this conviction? The witness gave negative answers to all these questions, except he did say he had heard of the murder conviction.

Without being requested to do so, the court admonished the jury that the above questions asked Mr. Hall on cross-examination should not be considered as substantive evidence, saying, "They are not admitted as showing that those things really happened but it was merely for the purpose of testing this witness' knowl-

edge of this man, * * * and you will consider it for no other purpose, gentlemen of the jury.''

Since the witness had stated he did not know the general reputation of the accused, as he had never heard it discussed, it was highly improper for the commonwealth attorney to interrogate him on cross-examination concerning other crimes of which he claims the accused had been convicted. These questions could have been asked only for the purpose of prejudicing the accused before the jury. Such tactics by the commonwealth attorney are so unfair that we are constrained to condemn them. Nor did the admonition by the court remove the poison these questions imbedded in the minds of the jury by this type of cross-examination, since the admonition stated the questions were permitted for the purpose of testing the knowledge of the witness of the accused, when the witness said twice on direct examination he had never heard the reputation of the accused discussed. However, the record does not show the accused objected to any of the questions asked Mr. Hall upon cross-examination, nor did he move to exclude them, and did not object to the admonition given by the court, hence he cannot complain of such evidence for the first time on this appeal. Wright v. Commonwealth, 267 Ky. 441, 102 S. W. 2d 376; Bradley v. Commonwealth, 285 Ky. 579, 148 S. W. 2d 737; Scott v. Commonwealth, 303 Ky. 473, 198 S. W. 2d 53.

Upon a hearing of the motion for a new trial the judge permitted three of the jurors to testify as to how the verdict was reached. Section 271(3) of the Criminal Code of Practice provides for a new trial if the verdict was reached by lot, and section 272 permits the examination of the jurors to show the verdict was by lot.

The testimony of the three jurors was reported and incorporated in the bill of exceptions and is now before us. A careful reading of this testimony convinces us that the jury unanimously agreed upon the guilt of appellant but had some difficulty in arriving at the length of time he should serve in prison. It was then agreed that each juror would write on a piece of paper the time he thought appellant should serve, then all sums were to be added and the total divided by twelve, and the quotient would be the time the jury would fix in its verdict

for appellant to serve. The quotient was four years and three months, whereupon all the jurors agreed to knock off the three months and fixed the punishment at four years in their verdict.

This method in arriving at verdicts has been repeatedly condemned by us. However, where it appears, as in the instant case, that the jury unanimously agreed upon the guilt of the accused and then arrived at a quotient verdict which was subsequently and independently adopted by all members of the jury, we have written that the verdict was not one by lot within the meaning of sec. 271(3) of the Criminal Code of Practice; Clark v. Commonwealth, 201 Ky. 620, 257 S. W. 1035; Walton v. Commonwealth, 223 Ky. 393, 3 S. W. 2d 764. The case at bar is strikingly like the Clark case.

We have read the three cases cited by appellant and without taking the time to discuss them, it will suffice to say that two of them, Salyers v. Commonwealth, 229 Ky. 153, 16 S. W. 2d 509 and Shepherd v. Commonwealth, 269 Ky. 237, 106 S. W. 2d 988, have no relation to the case at bar. The third case he cites, Cox v. Commonwealth, 255 Ky. 391, 74 S. W. 2d 346, criticizes a quotient verdict similar to the one in the instant case but holds it was not reached by lot as condemned in sec. 271(3) of the Criminal Code of Practice.

The judgment is affirmed.