**Harold COX, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 20, 1962.

Sidney Baer, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of the crime of storehouse breaking and was sentenced to prison for two years. KRS 433.190. In seeking a reversal of the conviction it is urged that the court erred: (1) In failing to direct a verdict of acquittal; (2) in allowing the jury to consider incompetent evidence; and (3) in instructing the jury.

Appellant and James Case were jointly indicted. Case pleaded guilty. Upon appellant's trial Case testified that when he arrived at Shay's Tavern during the night of October 24, 1960, appellant was inside and motioned for him to come to the side door, explaining "I am robbing this joint."

Case stated that, after entering the tavern, he stole some coins and appellant took a case of liquor. The mother of James Case testified that on the night of the alleged break-in, when she questioned appellant concerning where he had obtained the whiskey he had with him, he told her that he had broken into Shay's Tavern.

 The testimony of the owner of the tavern establishing the corpus delicti, the testimony of Case, and the admission of appellant to Case's mother of his involvement in the crime is sufficient evidence to authorize a submission of the case to the jury and to sustain the verdict rendered.

Appellant complains that the testimony of the owner of the tavern concerning the identification of a certain bottle of whiskey taken during the break-in was incompetent. We find that each objection interposed by appellant was sustained and consequently there is no adverse ruling to review.

During the interrogation of the mother of James Case the Commonwealth's Attorney asked her if she were certain that it was the appellant who came to her home during the night of October 24, 1960. She responded "Oh yes, he has been at my house before, he was caught with a load of raffles." Appellant objected and asked that the jury be admonished. After the requested admonition was given, appellant moved for a discharge of the jury, which motion was overruled. The admonition to disregard the answer insofar as it was not responsive is presumed to prevent any prejudice to appellant and was sufficient to do so in light of the ambiguous nature of the witness' response. Walton v. Commonwealth, 223 Ky. 393, 3 S.W.2d 764; Whitaker v. Commonwealth, 297 Ky. 279, 179 S.W.2d 448. Under the circumstances presented appellant was not entitled to a discharge of the jury.

Appellant contends that it was error to submit to the jury the question of whether James Case was an accomplice when there was no contradiction of that fact. Since there was evidence, other than the testimony of the accomplice, which of itself would support a finding of appellant's guilt, the accomplice instruction was not required. Dunn v. Commonwealth, Ky., 350 S.W.2d 709; Combs v. Commonwealth, Ky., 341 S.W.2d 774. We have concluded that the giving of the instruction was not prejudicially erroneous in this case.

Judgment affirmed.