**Richard H. HINES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 7, 1965.

Douglas E. Robertson, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., Joyce Ferris Nedde, Asst. Atty. Gen., Frankfort, Otto Martin, Hartford, for appellee.

CLAY, Commissioner.

Appellant was convicted of the crime of arson under KRS 433.010 and sentenced to the penitentiary for a term of two years.

His first claim of error on this appeal is that the indictment was defective in failing to charge a criminal offense, particularly since it did not allege that the act was done "wilfully and maliciously". The indictment alleged appellant had committed "the crime of arson" and cited the statute proscribing the offense. It also charged the offense was committed "by setting fire to a dwelling house". Under RCr 6.10(2) and in the light of RCr 6.12, this sufficiently informed appellant of the nature of the criminal charge against him. Runyon v. Commonwealth, Ky., —— S.W.2d —— (rendered February 26, 1965).

It is next contended the evidence was insufficient to establish the commission of the crime since it was circumstantial and raised no more than a suspicion. The dwelling involved was on a farm owned by appellant's wife. It had been unoccupied for some time. Appellant, with two friends, had driven out to the house for the ostensible purpose of getting some tomato slips, which they did not pick up. Appellant went into the house when they arrived, and when he and his friends were ready to leave he returned to the house alone to lock it up. Ten or fifteen minutes after they left a fire was discovered. Appellant, who was still in the immediate vicinity and was aware of this fire, did not return to investigate it nor did he make any attempt to extinguish it. Appellant's wife had substantial insurance on the house and its contents.

These circumstances raise more than a suspicion. The reason appellant went to the house in the first place was a flimsy one. He had the opportunity to start the fire. It was discovered almost immediately after he left the premises. The house was not in use and was insured. Appellant showed an amazing lack of concern after the fire was discovered. The evidence was amply suffi-

cient to support an inference that appellant wilfully set fire to the dwelling.

 Appellant finally contends the Commonwealth's attorney was guilty of misconduct in asking incompetent questions and making an improper argument to the jury. Without deciding whether the questions asked or the statements made were improper, we do not find that appellant raised the question by objection. We cannot review these matters presented here for the first time. Browning v. Commonwealth, Ky., 351 S.W.2d 499. We find no errors prejudicial to appellant's substantial rights. RCr 9.24.

The judgment is affirmed.