114 N.J. Super. 260 (1971)
276 A.2d 151
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
GEORGE VADER, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1971.
Decided March 29, 1971.
*261 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Michael R. Justin, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Barnett E. Hoffman, Assistant Prosecutor, argued the cause for respondent (Mr. Clinton E. Cronin, Acting Prosecutor of Middlesex County, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
In this murder-arson case the State, pursuant to leave granted, appeals from a pretrial decision of the trial court excluding all evidence relating to a January 6, 1970 inspection of fire-damaged premises by Detective Knelle and Dr. David Von Ludwig, including photographs taken at the time.
The case arises out of a fire which occurred on January 2, 1970 in a dwelling house occupied by defendant and his family in Highland Park, New Jersey. As a result of the fire and smoke damage, the house was rendered uninhabitable. Doors and windows were broken and all utilities were cut off. Defendant's child Susan, who was in the house at the time of the fire, was overcome by smoke and died the next day.
The authorities were suspicious of the fire and, on January 3, 1970, obtained a warrant to search the house which was executed the same day. An inspection of the property was *262 made, photographs taken and certain items confiscated. A return was made of the warrant on January 5, 1970. Also on January 5, 1970 the prosecutor's office communicated with Dr. David Von Ludwig of New York, an outstanding expert in the field of arson. Dr. Von Ludwig visited the Highland Park property on January 6, 1970 in the company of Detective Knelle, made an inspection of the house and took photographs. Defendant was subsequently indicted for murder and arson.
Prior to trial defendant moved to suppress all evidence relating to the inspection made on January 6, 1970. The motion was originally denied by the trial court. Thereafter, the court reconsidered its ruling when its attention was called to State v. Parsons, 83 N.J. Super. 430 (App. Div. 1964). Based on Parsons the court changed its ruling and held that the January 6 inspection was an illegal search. The court held that the January 3 search warrant could not support the January 6 "search" since the warrant had been executed on January 3 and there may not be more than one search under a warrant.
We conclude that the police investigation as to the cause of this fire did not constitute a search within the meaning and scope of the Fourth Amendment, and that a search warrant was not needed. The basic purpose of the Fourth Amendment is the protection of an individual's privacy and the security of his home. Here, the premises had been rendered uninhabitable by a fire. All utilities had been disconnected. No one was occupying the house, the doors and windows of which were broken. The fire was of suspicious origin and had resulted in the death of a child. Under these circumstances, the prompt, on-the-scene investigation of the fire by the authorities did not infringe on defendant's right of privacy or the security of his home and was not a Fourth Amendment search requiring a search warrant. See Stone v. Commonwealth, 418 S.W.2d 646, 647, 654 (Ky. Ct. App. 1967), cert. den. Stone v. Kentucky, 390 U.S. 1010, 88 S.Ct. 1259, 20 L.Ed.2d 161 (1968). State v. Parsons, 83 *263 N.J. Super. 430 (App. Div. 1964), involved an admitted Fourth Amendment situation and is not to the contrary. In Parsons we merely held there could be but one search under a search warrant.
The order suppressing evidence is reversed.