**Percy Odell FREEMAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

———◆———

Matthew B. Quinn, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

The appeal is from a judgment entered on the verdict of a jury under a charge of maliciously attempting to burn a building (KRS 433.050).

The appellant relies on two arguments for reversal: (1) The indictment was defective in that it did not charge that he "wilfully" committed the act charged; and (2) the evidence was not sufficient to support the submission of the case to the jury or the verdict rendered.

Briefly the facts are these. A police lieutenant, Jon J. Higgins, testified that while he was investigating a shooting at the place where it is charged that the appellant attempted to burn a building, he heard the appellant say, "this place will be in ashes by morning," and that the place would be another "Burn, Baby, Burn." The officer dispersed the crowd at the scene but decided to keep a lookout of the premises because of the statement made by appellant.

About one hour later, while sitting in his patrol car observing the place, the officer detected a man throw a flaming paper bag containing a liquid-filled bottle toward the building. The missile landed in the street and burned itself out, causing no damage. Lieutenant Higgins could not identify this man, but he, pursuing in his patrol car, chased him down an alley. The fleeing individual scaled a fence in the alley and the lieutenant continued the chase on foot. The suspect headed toward the intersection of 17th and Market Streets when the officer lost sight of him for a matter of about five seconds. Meanwhile, Sergeant Mayer, who had received a radio call from Higgins, was approaching the intersection of 17th and Market Streets and observed the appellant running down the street. The appellant was stopped and arrested by Sergeant Mayer. Lieutenant Higgins joined in the arrest and search of the appellant. Two or three bottles of what appeared to be after-shaving lotion were found in his possession. The appellant denied that he threw the fiery missile.

With respect to appellant's first argument relative to failure of the indictment to charge wilful conduct, it should be noted that the indictment described the offense as "malicious attempt to burn building 433.-050." It specifically charged the appellant

with "maliciously attempting to set fire to and cause to burn the California Fruit Market." The identical question here presented was considered and decided by this court in the recent case of Hines v. Commonwealth, Ky., 390 S.W.2d 152. Inasmuch as the facts in the Hines case are considered identical to those in the present case, we merely refer to Hines without burdening the record with a quotation therefrom. In Hines the indictment was approved.

From the facts above detailed, we have no hesitancy in saying that the evidence was wholly sufficient to sustain the verdict. Mullins v. Commonwealth, 276 Ky. 555, 124 S.W.2d 788.

The judgment is affirmed.

All concur.