**James Steve HAWKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

David Kaplan, Stuart Lyon, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., for appellee.

GARDNER, Commissioner.

James Steve Hawkins was convicted on two counts of uttering forged checks and on two counts of uttering traveler's exchange money orders, the amounts of which had been raised. His sentence was fixed at five years' confinement on each of the four counts. We affirm.

The Shepherd-Rogers Construction Company's office was broken into and 45 blank checks from the payroll checkbook and 30 blank checks from the regular checkbook were stolen. The checks carried the printed words, "Shepherd-Rogers Construction Co." and each check had an identifying number on it. Subsequently two checks, one in the sum of $122.53 and one in the sum of $102.-67, containing the forged signature of J. R. Shepherd, were presented by appellant Hawkins in exchange for cash or other items of value. The amount of one of the

money orders was raised from $2.00 to $92.00, and another from $1.00 to $91.00. Both were uttered by Hawkins for either cash or other items of value.

■ Hawkins assigns as error the introduction into evidence of other offenses, " * * * i. e., a storehouse breaking, forgeries, transportation of stolen property, damaged and broken check writer, stolen and pilfered tools." He does not pinpoint what "other offenses" he refers to nor where the evidence is found in the transcript relative thereto. We assume he is talking about the breaking and entering into the office of the Shepherd-Rogers Construction Company. If so, there was no error in permitting evidence concerning that incident. It was incumbent on the Commonwealth to prove the checks were forged when Hawkins uttered them. It was pertinent and helpful to the jury to receive evidence showing the unusual history of the checks. Cf. Francis v. Commonwealth, Ky., 468 S.W.2d 287 (1971).

■ Hawkins' next complaint is that evidence of his being involved in other check irregularities was erroneously introduced. The evidence complained of was part of the testimony of Detective Howard Cooper. While Hawkins was in custody he was permitted to call his attorney. It is not clear whether the attorney was present when the complained-of statement was made. Detective Cooper testified:

"A At this time Mr.—he told us we might as well get all these checks cleared up. He had a conference with Mr. Kaplan [Hawkins' attorney] and Mr. Kaplan told him to go ahead, and at this time he told us about the one on Shepherd-Rogers that he had out at Southside Liquors. At this time we had not placed a charge on Southside and he also told us— which he is not charged with today, unindicted on—on six other—

"MR. KAPLAN: (interrupting) Oh, oh, oh. Judge, let me object."

The court made the following statement to the jury:

"However, I must admonish you that the defendant is on trial for only four counts, as read to you from the indictment. Any other evidence you have heard from this stand regarding anything else, other than this, you're admonished not to consider it."

In the context of the interrogation we doubt if the statement of Detective Cooper was prejudicial. Whether it was or not the court's admonition was sufficient to nullify any prejudice which the statement might otherwise have created. See Shirley v. Commonwealth, Ky., 378 S.W.2d 816 (1964); and Cox v. Commonwealth, Ky., 356 S.W.2d 766 (1962).

■ Hawkins advances as error the admission into evidence of photostatic copies of the checks and money orders. This argument is without merit, as shown by the concise language of KRS 422.105 which reads in part as follows:

"Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not * * *."

■ Hawkins further alleges that it was improper to amend the indictment after the proof was presented. Count 1 originally read: " * * * the above named defendant uttered to James Duechars of Consolidated Sales, * * *." Count 1 was amended to include the words "or other employee," so that Count 1 read: " * * * the above named defendant uttered to James Duechars, or other employee of Consolidated Sales * * *." Two other counts were similarly changed only by inserting the words "or other employee." Hawkins cites no case to support his argument, which must fall flat in view of RCr 6.16 which provides:

"The court may permit an indictment or information to be amended any time

before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

We find no merit at all in Hawkins' last two contentions, namely, that the remarks of the Commonwealth's attorney were prejudicially erroneous and the "alleged confession" was extracted from Hawkins by coercion.

The judgment is affirmed.

All concur.