Samuel BROWN, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

Louis M. Waller, Brandenburg, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Samuel Brown, Jr., has been allowed a belated appeal from a judgment entered in accordance with a jury verdict by which he was found guilty of voluntary manslaughter and his punishment fixed at 12 years' confinement in prison. He claims the jury verdict was illegal because the punishment portion of it was determined by lot. The trial judge rejected Brown's attack on the verdict and declined to grant him a new trial. We affirm the judgment of the trial court.

The sole evidence concerning the contention of jury misconduct consisted of the testimony of Charles Medley, the circuit court clerk. He stated that he overheard some of the jurors discussing the manner by which the verdict was determined. According to Medley, the jurors all agreed that Brown was guilty. After this decision was made, there was some difficulty in reaching agreement on the term of imprisonment. To resolve this disagreement, each juror wrote on a piece of paper the term of imprisonment in years he thought proper. The jurors then added the number of years each of them had recorded and divided this total by twelve; the result was 12 and 10/12 years. The jury then agreed on 12 years as the term of imprisonment.

58 Am.Jur.2d, New Trial, Sec. 79, at page 270, states that, as a general rule, the granting or refusal of a new trial for alleged misconduct on the part of a jury is a matter within the discretion of the judge presiding at trial; and unless it appears that this discretion has been abused, that there has been palpable error, or that the trial judge has refused to review and consider the evidence by which the consideration of the motion should have been guided or controlled, his order on the motion for new trial will not be disturbed.

Although it was received without objection, Medley's testimony consisted entirely of inadmissible hearsay. Either direct hearsay testimony or an affidavit containing the hearsay statements of jurors in support of a motion for new trial is inadmissible to show that a verdict was arrived at by lot. 24 C.J.S. Criminal Law § 1495, pp. 314, 315.

" . . . the testimony of a juror may be received . . . to establish that the verdict was arrived at by lot; but even this fact must be established by the testimony (affidavit) of a juror and may not be shown by hearsay testimony contained in an affidavit of one who was not present at the time of the occurrence." Burton v. Commonwealth, 309 Ky. 282, 217 S.W.2d 627 (1949). Our present criminal procedure rules continue the historic exception to the engrained policy against jurors' undertaking to impeach a verdict where they participated in the deliberations concerning it. RCr 10.04 provides: "A juror cannot be examined to establish a ground for new trial, except to establish that the verdict was made by lot." Brown was not precluded from an opportunity to produce proper evidence if the verdict was truly arrived at by lot. Therefore, we surely cannot hold that the trial judge abused his discretion, or committed palpable error, or failed to consider and review evidence "by which the motion should have been guided or controlled" when he refused to set aside the verdict on the motion for a new trial.

There appears an equally dispositive reason why Brown's appeal must fail. If Medley's evidence is afforded full probative value, it does not establish a "verdict made by lot" as judicially defined. Where it appears that the jury unanimously agreed upon the guilt of the accused and then arrived at a quotient verdict which was subsequently and independently adopted by all members of the jury, the verdict was not "made by lot" and cannot be set aside on that basis. Graham v. Commonwealth, 310 Ky. 773, 221 S.W.2d 677 (1949); Stone v. Commonwealth, Ky., 418 S.W.2d 646 (1967). Medley's evidence established that the jurors first agreed on guilt and then adjusted the result of the averaging process. It would appear, therefore, that the jurors independently arrived at what each thought was a proper punishment.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting. .

All concur.